**Oscar AREVALO–CASTILLO and Carlos Aristide Arevalo–Castillo, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–75162.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 1, 2010.

Rosaura Del Carmen Rodriguez, Rios Cantor, P.S., Seattle, WA, for Petitioners.

Samia Naseem, OIL, Claire Workman, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District, Esquire, Office of the District Counsel, Department of Homeland Security, Seattle, WA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Oscar Arevalo–Castillo and his brother Carlos Aristide Arevalo–Castillo, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' denial of their application for asylum.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners contend they were entitled to asylum relief based on their membership in a social group, namely their family, or young people who were approached by gangs. Young people from Central American countries who refused to join or cooperate with a gang do not constitute a "social group" for asylum purposes. *See Barrios v. Holder*, 581 F.3d 849, 854–55 fn. 3 (9th Cir.2009); *Ramos–Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008). In addition, although a family may suffice as a "social group," *Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1576 (9th Cir.1986), not all family links will *"per se* suffice to confer 'particular social group' membership." *Lin v. Ashcroft*, 377 F.3d 1014, 1028 (9th Cir.2004). In this case, petitioners failed to show that the gang members knew that their uncle and grandmother were members of their family, or that the threats experienced by the grandmother and uncle constituted targeted persecution. In addition, the uncle and grandmother have remained unharmed since petitioners left El Salvador. *See Santos–Lemus*, 542 F.3d at 743–44 (family members who remained unharmed is substantial evidence that petitioners lack a well-founded fear of future persecution based on family membership).

**PETITION FOR REVIEW DENIED.**